IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Paul Leslie Cox, # 75206, | ) | |
| | ) | Civil Action No. 8:15-105-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director Gunn, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections and is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Petitioner's action without prejudice and without requiring Respondent to file an answer or return. (ECF No. 8). Petitioner was advised of his right to file objections to the Report. (ECF No. 8 at 6). However, Petitioner has not filed objections, and the time to do so has now run. On February 27, 2015, Petitioner filed a motion for hearing. (ECF No. 10).[2]

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

[2] The court has reviewed the motion for a hearing to see if any arguments could be construed as objections to the magistrate judge's finding that his petition is successive. The motion does not address whether the petition is successive or whether he obtained leave from the Fourth Circuit to file his successive petition.

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the applicable law, the record in this case, and the Report, the court finds no clear error and, therefore, adopts the Report and incorporates it herein by reference. Accordingly, Petitioner's habeas action is **DISMISSED** without prejudice and without requiring Respondent to file answer or return, and Petitioner's motion for a hearing (ECF No. 10) is **DENIED** as moot.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

March 9, 2015
Anderson, South Carolina